IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| ERNEST BRYAN, | ) | |
| | ) | |
| Petitioner, | ) | No. 9:13-cv-0716-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Ernest Bryan's ("Bryan") motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF No. 62. The government filed a motion to dismiss or, in the alternative, for summary judgment, ECF No. 73. For the reasons set forth below, the court denies Bryan's petition and grants the government's motion for summary judgment.

## I.  BACKGROUND

On August 13, 2013, Bryan was named in an indictment charging him with possession with intent to distribute cocaine base, marijuana, and MDMA in violation of 21 U.S.C. § 841 (Count 1); felony possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e) (Count 2); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count 3). On December 1, 2014, Bryan pled guilty to Counts 1 and 2 pursuant to a written plea agreement. On June 17, 2015, the court sentenced Bryan to 180 months imprisonment and five years of supervised release. On June 29, 2015, Bryan filed a motion for reconsideration of his sentence in light of the Supreme Court's then-recent decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). The court granted Bryan's motion and, on August 7, 2015,

1

entered judgment, reducing Bryan's sentence to 151 months imprisonment and three years of supervised release.

On June 21, 2016, Bryan, acting pro se, filed the instant motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. ECF No. 62. On October 31, 2016, the government filed a motion to dismiss the petition or, in the alternative, for summary judgment. ECF No. 73. Bryan responded to the government's motion on December 1, 2016. ECF No. 78.

## II. STANDARD

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9-10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[1] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

If, on a motion to dismiss, the court considers matters outside of the pleadings, such as a party's supporting memoranda and attachments, the court treats the motion as one for summary judgment. Fed. R. Civ. P. 12(d). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2010). At the summary judgment stage, the court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

### III. DISCUSSION

Bryan contends that he is entitled to relief because his counsel rendered ineffective assistance that fell below a constitutionally permissible standard. Bryan asserts five grounds in support of his ineffective-assistance claim: that his counsel (1) failed to contest Bryan's sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), (2) failed to object to Bryan's absence at his resentencing, (3) failed to move to withdraw Bryan's guilty plea after the court granted his motion to reduce his sentence, (4) failed to object to the court's use of Bryan's prior felony convictions in Georgia to enhance his

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

3

sentence as a Career Offender, and (5) failed to request a variance based on Bryan's medical issues. The court addresses each in turn, finding no ground that supports relief.

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court announced a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance. "To establish cause for [a] default based upon ineffective assistance of counsel, [petitioner] must show that [(1)] [his] attorney['s] performance fell below an objective standard of reasonableness and [(2)] that [he] suffered prejudice as a result." United States v. Mikalajunas, 186 F.3d 490, 492 (4th Cir. 1999) (citing Strickland, 466 U.S. at 687). "There is a strong presumption that counsel's performance falls within the 'wide range of professional assistance,' [and] the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms . . . ." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986) (quoting Strickland, 466 U.S. at 688–689).

> Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.

Strickland, 466 U.S. at 689. Thus, "[c]ourts must indulge a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." Id. at 689–90.

### A. Bryan's Sentence under Apprendi

Bryan argues that his counsel was ineffective in failing to object to his sentence as a violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the court analyzed various aspects of the jury's role in a criminal trial to ensure the protection of a defendants' constitutional rights during his trial. Here, Bryan pled guilty; he did not proceed to a jury trial and waived his right to do so in his plea agreement. Therefore, Apprendi and its procedural safeguards are wholly irrelevant to Bryan's conviction and sentence. Bryan's sentence is the result of his valid guilty plea and thus not in violation of the Supreme Court's holding in Apprendi. Thus, the performance of Bryan's counsel did not fall below an objective standard of reasonableness based on his failure object to Bryan's sentence or conviction under Apprendi. See United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

The other cases Bryan cites in support of this argument are similarly unhelpful. Bryan's petition states that "[t]he Supreme Court held in Edwards v. U.S. [], that when an indictment[] alleges 2 or more types of drugs, the Court may only sentence the defendant to the statutory [sentence] of the drug with the 'lowest statutory sentence.'" ECF No. 62 at 14. Bryan's position does not reflect the Supreme Court's holding in Edwards v. United States, 523 U.S. 511, 514 (1998). There, the Supreme Court addressed a jury's use of a general verdict form to convict defendants of distinct crimes. Because the jury found the defendants guilty by general verdict, it was unclear to which of the charged crimes the guilty verdict applied. Here, Bryan did not proceed to trial. Bryan was

convicted pursuant to a valid guilty plea, not by jury verdict. His plea agreement leaves no confusion as to which counts Bryan pled guilty. Therefore, Edwards is also inapplicable to Bryan's case. The court is unable to find any case that supports Bryan's interpretation of the law and agrees with the government's position that "[t]here is no case law" that supports such an argument. ECF No. 73 at 3.[2] Therefore, the court rejects the first ground of Bryan's ineffective-assistance claim.

### B. Bryan's Absence During Resentencing

Next, Bryan argues that his counsel's performance was ineffective because his counsel "allowed a resentencing to take place" in Bryan's absence.[3] ECF No. 62 at 6. Because Bryan's appearance was not mandatory and because he validly waived any right to appear, the court rejects this ground of Bryan's petition.

A criminal defendant is entitled to be present at every stage of his trial, including sentencing and resentencing. Fed. R. Crim. P. 43(a)(3). Despite this entitlement, "[a] defendant's right to be present when the district court alters his sentence depends on the type of action the district court is taking." United States v. Smith, 551 F. App'x 698, 699 (4th Cir. 2014) (emphasis added) (quoting United States v. Patterson, 42 F.3d 246, 248

---

[2] In support of this argument, Bryan also cites to two Fourth Circuit cases: United States v. Rhynes, 218 F.3d 310 (4th Cir. 2000) and United States v. Quicksey, 525 F.2d 337, 342 (4th Cir. 1975). The former deals with the sequestration of witnesses during trial, and the latter with the validity of a conspiracy charge that was not definitively tied to an underlying substantive crime. Because these cases are irrelevant to Bryan's conviction and sentence, the court declines to address them further.

[3] Bryan's petition also asserts that the court erred in modifying his sentence in his absence: "The Court procedurally erred by sentencing the petitioner without affording him the opportunity to speak." ECF No. 62 at 6. Because the merits of this argument apply to both Bryan's claim of ineffective assistance and his claim that his non-appearance constitutes error, the court analyzes both claims together, finding that the court did not err and therefore that counsel was not ineffective for failing to object on that ground.

(5th Cir. 1994)). Although "[a] defendant is entitled to be present when the district court is imposing a new sentence after the original sentence has been set aside," he "does not have a right to be present when his sentence is merely modified by the district court." Id. (quoting United States v. Erwin, 277 F.3d 727, 731 (5th Cir. 2001)) (citing United States v. Hadden, 475 F.3d 652, 667–68 (4th Cir. 2007) and United States v. Arrous, 320 F.3d 355, 359 (2d Cir. 2003)).

The court held Bryan's sentencing hearing, at which Bryan was present, on June 17, 2015.[4] There, the court sentenced Bryan to 180 months imprisonment and five years supervised release, despite a recommended sentence range of 188–235 months under the United Sates Sentencing Guidelines ("Guidelines"). Bryan's sentence included an enhancement based on Bryan's status as an Armed Career Criminal under U.S.S.G. § 4B1.4. Nine days later, the Supreme Court issued its opinion in Johnson v. United States, 135 S. Ct. 2551 (2015), invalidating the residual clause of the Armed Career Criminal Act as unconstitutionally vague. On June 29, 2015, Bryan filed a motion to reconsider his sentence in light of Johnson, arguing that his sentence should not be subject to the Armed Career Criminal enhancement. The court agreed and found that Johnson invalidated one of Bryan's predicate offenses for his status as an Armed Career Criminal. Because the court granted Bryan's requested relief, a hearing on the motion was unnecessary.

The court accordingly reduced Bryan's sentence and entered judgment against him on August 7, 2015. The court's reduction of Bryan's sentence was not a

---

[4] Because Bryan's medical condition rendered travel extremely difficult for Bryan and costly for the government, the court held the sentencing hearing at the Charleston County Detention Center.

resentencing because his original sentence was neither vacated nor set aside; rather, Bryan's sentence was merely modified by the court based on Johnson. A defendant does not have a right to appear "when his sentence is merely modified by the district court." Smith, 551 F. App'x at 699; see also Fed. R. Crim. P. 43 advisory committee's note to 1998 Amendments ("As amended, Rule 43(c)[] would permit a court to reduce or correct a sentence . . . without the defendant being present.").

Moreover, Bryan waived any right to appear in connection with his sentence reduction. A defendant may waive his right to be present "in a noncapital case, when the defendant is voluntarily absent during sentencing." Fed R. Crim. P. 43(c)(1)(B). Bryan filed a "Waiver of Appearance at Re-sentencing" on July 7, 2015, one month before the court modified his sentence and entered judgment against him. See ECF No. 52 ("I, ERNEST BRYAN, having been fully informed of the nature of the charges now pending against me and having bee [sic] advised of my right to be present at every stage of the trial, do hereby waive my right to be present at re-sentencing . . . ."). Therefore, even assuming the Bryan had a right to appear in connection with the modification of his sentence, he validly waived that right under Fed. R. Crim. P. 43(c) through his voluntary absence. For these reasons, the court rejects this ground of Bryan's petition.

### C. Bryan's Plea under the ACCA

Next, Bryan argues that his counsel's failure to withdraw his plea agreement after successfully moving to reduce Bryan's sentence rendered his performance constitutionally deficient. Bryan entered into a plea agreement on December 1, 2014. Six months later, the court sentenced Bryan to 180 months imprisonment. Discussed above, Bryan's counsel thereafter filed a motion to reduce Bryan's sentence, which the

court granted. As a result, the court reduced Bryan's sentence to 151 months imprisonment. Now, Bryan argues that his counsel's performance was ineffective because his counsel failed to move to withdraw Bryan's guilty plea and obtain a more favorable plea deal in light of Johnson. Because there were no legal or factual grounds for Bryan to withdraw his guilty plea, the court rejects this ground for his petition.

A defendant does not have an absolute right to withdraw a guilty plea. Fed. R. Civ. P. 32(d). A defendant seeking withdrawal bears the burden of demonstrating to the district court's satisfaction that a "fair and just reason" supports his request. United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). In the Fourth Circuit, courts consider six factors in determining whether a defendant may withdraw a previously entered guilty plea: "(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources." United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991).

Here, Bryan has failed to provide any "fair and just reason" that might have supported a withdrawal of his guilty plea. As an initial matter, Bryan's counsel obtained a successful result in his motion to reduce Bryan's sentence, and Bryan's sentence was significantly reduced as a result. Furthermore, none of the above factors would have justified a withdrawal of Bryan's plea. A defendant's dissatisfaction with his sentence is not a "fair and just reason" that provides a court with a basis to withdraw his guilty plea.

9

Therefore, the court finds that Bryan's counsel was not ineffective in failing to withdraw his guilty plea, as any attempt to do so would have been frivolous.

Moreover, Bryan has not presented any evidence that he asked his counsel to move to withdraw his plea. Meanwhile, the government has presented an affidavit of Bryan's counsel, in which counsel states, "at no time did the Defendant ask me to move to vacate or invalidate his plea." ECF No. 73-2 at 7–8. In sum, Bryan has presented no evidence that he requested his counsel move to withdraw his guilty plea, and, even assuming that he had, the court finds that such a request would have been frivolous. Therefore, the court rejects this ground of Bryan's petition.

**D. Bryan's Georgia Felony Convictions**

Next, Bryan contends that his counsel was ineffective for failing to challenge the court's use of his Georgia drug convictions to support his Career Offender enhancement. Bryan argues that his prior Georgia convictions cannot support a Career Offender enhancement under Moncrieffe v. Holder, 569 U.S. 184 (2013) and Descamps v. United States, 570 U.S. 254 (2013). Because Moncrieffe and Decamps have no effect on the court's use of Bryan's prior drug convictions in Georgia, his Career Offender enhancement is valid. Any objection thereto would have been frivolous. Therefore, Bryan's counsel was not deficient in failing to object to the use of Bryan's prior drug convictions in Georgia.

The Guidelines include enhancements that increase a qualifying defendant's recommended sentencing range based on his or her criminal history. Two such enhancement are the Armed Career Criminal enhancement and the Career Offender enhancement. See U.S.S.G. §§ 4B1.4 and 4B1.1, respectively. The Armed Career

Criminal Enhancement requires a defendant to have three previous convictions that constitute either "serious drug offenses" or "violent felonies." U.S.S.G § 4B1.4. Conversely, the Career Offender Enhancement requires at least two prior felony convictions that constitute either "crimes of violence," "controlled substance offenses," or at least one of each. U.S.S.G § 4B1.1.

Bryan's original sentence included an enhancement as an Armed Career Criminal, which was premised upon on three prior convictions: (1) a 1990 conviction for possession of a firearm during and in relation to a drug trafficking crime, (2) a 1995 conviction for possession with intent to distribute cocaine, and (3) a 2003 conviction for possession with intent to distribute heroin. ECF No. 49, PSR at ¶¶ 30–32. As discussed above, the court granted Bryan's motion to reduce that sentence in light of United States v. Johnson, on the ground that his conviction for possession with intent to distribute cocaine could no longer serve as an underlying "crime of violence" for an Armed Career Criminal enhancement. The court granted the motion and reduced Bryan's sentence accordingly.

Bryan now argues that the latter two of his convictions, which took place in Georgia, cannot support a Career Offender enhancement. As such, Bryan argues, his counsel was ineffective in failing to object under Moncrieffe and Decamps. Bryan is incorrect. His Career Offender enhancement is unaffected by Moncrieffe and Decamps.[5] Bryan's three prior convictions constitute one "crime of violence" and two "serious drug

---

[5] Moncrieffe, 569 U.S. 184 (2013), considers the validity of a marijuana conviction as an aggravated felony; Descamps, 570 U.S. 254 (2013), considers the constitutionality of the residual clause of the Armed Career Criminal act. Neither case analyzes the Career Offender enhancement of the Guidelines.

11

crimes" sufficient to support a Career Offender enhancement. Therefore, Bryan's counsel was not ineffective in failing to object to the court's use of his Georgia convictions. The court thus rejects this ground of Bryan's petition.

### E. Bryan's Medical Issues

Finally, Bryan argues that "counselor was ineffective for failing to [] request for a departure based upon the 3553(a) medical issues that the Court and government were aware of . . . ." ECF No. 62 at 8. In fact, Bryan's counsel did file a motion to depart from the Guidelines, which described Bryan's medical conditions in detail. ECF No. 46. Specifically, the motion stated:

> Mr. Bryan has a myriad of serious health concerns and a decreased life expectancy as a result. In 1990 Mr. Bryan was shot three times in the back causing the loss of the use of his legs and full control of his bladder. He has been confined to a wheelchair ever since. During his confinement, Mr. Bryan underwent surgery at M.U.S.C. to fuse L-3-4 and L-4-5 due to an injury during his arrest. Further, Mr. Bryan has moderate to severe degenerative spinal cord disease which will only worsen over time. Additionally, Mr. Bryan takes a myriad of medications to control pain, inflammation and hypertension.

Id. at 1–2. Indeed, the court was well aware of Bryan's health issues and its sentence contemplates those concerns. Therefore, the court rejects this ground of Bryan's petition. Finding no ground that entitles Bryan to relief and no disputes of material fact, the court dismisses the petition and grants the government's motion for summary judgment.

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists

would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Bryan does not meet this standard because there is nothing debatable about the court's resolution of his 2255 petition.

## IV. CONCLUSION

For the foregoing reasons the court **GRANTS** the government's motion for summary judgment and **DISMISSES** Bryan's petition. A certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**December 12, 2019
Charleston, South Carolina**

13